USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In the Matter of the Final Accounting of            :
Leonard M. Ross, as Ancillary Administrator c.t.a.  :   07 Civ. 3504 (RMB)
of the Estate of AGNES CARVEL,                       :
                                                    :
                        Deceased.                   :   **ORDER**
                                                    :
------------------------------------------------------------x

**I.   Background**

On or about May 2, 2007, Pamela Carvel, presumably a "personal representative of the estate of Agnes Carvel in London, England," filed a Notice of Removal of "that portion of [the Westchester County Surrogate's Court] action . . . to determine the foreign debts of the international [e]state in a proceeding transferred from Westchester County Supreme Court . . . and that portion [of the case seeking] 'criminal sanctions' against [Pamela Carvel] for asserting her Constitutional rights." (Notice of Removal at 1.)  Ms. Carvel states that "trial . . . is scheduled to begin [in Surrogate's Court] on May 7, 2007 (after one year of adjournments . . . )." (Notice of Removal ¶ 7 (emphasis added).)

**II.  Legal Standard**

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b); see also In re Application of Rosenkranz, No. 01 Civ. 635, 2001 WL 406250, at *3 (S.D.N.Y. Apr. 19, 2001).

**III. Analysis**

Assuming arguendo that Ms. Carvel has standing to remove, because Ms. Carvel failed to remove the action in a timely manner, this Court declines jurisdiction. See Machat v. Sklar, No. 96 Civ. 3796, 1997 WL 599384, at *5 (Sept. 29, 1997).  That is, the Notice of Removal, by Ms.

Carvel's admission, comes at least eleven months after the deadline for removal. "[A] federal court may sua sponte remand a case to the appropriate state court." New York v. Stoddard, No. 06 Civ. 1320, 2006 WL 3423863, at *1 n.3 (N.D.N.Y. Nov. 28, 2006).

It should also be noted that Ms. Carvel unsuccessfully sought to remove (apparently related) litigation from the Westchester County Surrogate's Court to this Court in September 1998. See In re Application of the Thomas & Agnes Carvel Found., 36 F. Supp. 2d 144, 148, 151 (S.D.N.Y. 1999), aff'd sub nom. Carvel v. Thomas & Agnes Carvel Found., 188 F.3d 83 (2d Cir. 1999).

IV.   **Conclusion and Order**

For the reasons set forth above, the Clerk of the Court is respectfully requested to take the steps necessary to remand this action to Westchester County Surrogate's Court from which it was removed.

Dated: New York, New York
       May 4, 2007



_____
**Richard M. Berman, U.S.D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/07